UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADEBANJO A. ADEGBITE,

         Petitioner,

-against-

UNITED STATES OF AMERICA,

         Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-3954 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is pro se Petitioner Adebanjo A. Adegbite's petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 (the "Petition"). (Notice of Mot. to Vacate Guilty Plea ("Pet.") (Dkt. 1).) For the reasons stated below, the Petition is DENIED.

**I. BACKGROUND**

**A. Factual Background**

The following account is taken from the Government's Memorandum in Opposition to the Petition. (Mem. in Opp'n to Pet. ("Gov't Mem.") (Dkt. 7).)[1] In 1993, Petitioner pled guilty to one count of unlawful use of a credit card. Judge Charles P. Sifton of this court sentenced Petitioner to four months' imprisonment, four months of house arrest, and two years of supervised release. (Id. at 1.) Petitioner neither filed a direct appeal nor pursued habeas relief under 28 U.S.C. § 2255. (Id.)

In December 1993, the Immigration and Naturalization Service initiated removal proceedings against Petitioner based on his two convictions for "crimes involving moral

---

[1] The Government's Memorandum cites to the trial docket and other primary documents, which are attached as exhibits. These citations have been omitted throughout.

1

turpitude." (Id. at 7.) Petitioner sought to avoid removal over the following nine years, but his applications for a waiver of deportability and for derivative citizenship were both denied. (Id. at 7-9.)

### B. The Petition

Petitioner filed his coram nobis petition on July 27, 2010, seeking to have his judgment and conviction vacated on the grounds that they were obtained in violation of his Sixth Amendment rights. (Pet. at 1.) Specifically, Petitioner argues that his defense counsel was constitutionally ineffective in failing to advise him about the immigration consequences of his conviction. (Aff. in Supp. of Pet. (Dkt. 1) ¶¶ 4-6.)

The Government opposes the Petition. (See Gov't Mem.) Petitioner has not replied to the Government's opposition.

## II. LEGAL STANDARD

A coram nobis petitioner bears the burden of demonstrating "that there are circumstances compelling action to achieve justice" and "that he continues to suffer the legal consequences from his conviction that may be remedied by granting the writ." Pichardo v. United States, No. 00-CR-46-05 (DLC), 2015 WL 4040509, at *1 (S.D.N.Y. July 1, 2015) (citing Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)). There is no specific statute of limitations governing coram nobis petitions, but a "petitioner must demonstrate sound reasons for any delay in seeking relief." Kovacs v. United States, 744 F.3d 44, 54 (2d Cir. 2014) (citations omitted).

## III. DISCUSSION

The court need not conduct a full coram nobis analysis because, under clear precedent, the Petition fails to assert circumstances compelling action under the first prong. In 1993, the court had no affirmative obligation to address the possibility of deportation after a guilty plea. See Zhang v. United States, 506 F.3d 162, 167 (2d Cir. 2007). With regard to defense counsel,

2

the Supreme Court held in 2010 that "counsel must inform her client whether [the client's] plea carries a risk of deportation," Padilla v. Kentucky, 559 U.S. 356, 374 (2010), but clarified shortly thereafter that Padilla does not apply retroactively. Chaidez v. United States, — U.S. —, 133 S. Ct. 1103, 1113 (2013). "[D]efendants whose convictions became final prior to Padilla therefore cannot benefit from its holding" in collateral proceedings. Id. Because Petitioner neither appealed his conviction nor sought collateral habeas review, his conviction was final upon entry of judgment in 1993, seventeen years before the Supreme Court "announced a new rule" of law in Padilla. Id. There are thus no "circumstances compelling action to achieve justice," and the Petition must be denied.

## IV. CONCLUSION

For the reasons stated above, the Petition (Dkt. 1) is DENIED. The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge